IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Penny Sue Marvin, | Case No. 3:11 CV 2170 |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| -vs- | JUDGE JACK ZOUHARY |
| Commissioner of Social Security, | |
| Defendant. | |

**INTRODUCTION**

Plaintiff Penny Sue Marvin timely filed a Complaint (Doc. 1) against the Commissioner of Social Security seeking judicial review of the Commissioner's decision to deny disability insurance benefits ("DIB") and supplemental social security income ("SSI") benefits. This Court has jurisdiction under 42 U.S.C. § 405(g).

This case was referred to Magistrate Judge Knepp for a Report and Recommendation ("R&R") pursuant to Local Rule 72.2(b)(2). Following briefing (Docs. 13 & 16), the Magistrate Judge recommended this Court affirm the final decision of the Commissioner to deny Plaintiff's claim for DIB and SSI benefits (Doc. 17).

This matter is now before this Court on Plaintiff's Objection to the R&R (Doc. 18) and Defendant's Response (Doc. 19). Pursuant to *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate

Judge's findings. For the reasons below, this Court adopts the recommendation to affirm the Commissioner's determination.

## BACKGROUND

The R&R accurately recites the relevant factual and procedural background from the administrative record, and this Court adopts them in their entirety (Doc. 17 at 1–7). Briefly, Plaintiff is 48 years old and suffers from, among other things, coronary artery disease, hypertension, chronic obstructive pulmonary disorder (COPD), diabetes mellitus, and obesity (AR at 13). Plaintiff claims a disability onset date of January 9, 2008 (AR 130–33). Until January 2008, Plaintiff worked as a deli and bakery clerk at a grocery store and as a child care provider at a local youth center (AR 39, 174–81).

Dr. Fatima Tsalikova at Center Street Community Clinic is occasionally referenced as Plaintiff's primary care physician (*see* AR 594, 638). Plaintiff saw Dr. Tsalikova regularly during 2009–2010. The records from these visits provide little information about Plaintiff's conditions. There is no record of Dr. Tsalikova rendering an opinion on Plaintiff's limitations, objective or otherwise; there is only a conclusory note on a prescription pad dated February 21, 2011 stating Plaintiff was "unemployable" (AR 712).

In May 2008, Plaintiff filed for DIB and SSI benefits, each denied initially and upon reconsideration. In March 2011, Plaintiff, represented by counsel, appeared before an administrative law judge ("ALJ"). During the hearing, the ALJ posed several hypotheticals to the vocational expert ("VE") seeking representative examples of sedentary jobs limited to simple instructions and decision making, with the additional restrictions that the worker was limited to occasional climbing of ramps or stairs; no climbing ladders, ropes, or scaffolds; occasional stooping, kneeling, crouching and

2

crawling; and avoiding moderate exposure to irritants such as fumes, odors, dust, gases, and poorly ventilated areas. The VE provided three examples that fit these limitations: call-out operator (DOT code 273.367-014), charge account clerk (DOT code 275.367-014), and order clerk (DOT code 209.567-014). Although the ALJ determined Plaintiff could not perform her past relevant work, the ALJ ultimately found Plaintiff was not disabled (AR 22–24).

The Appeals Council denied Plaintiff's request for review, and she timely filed an action seeking judicial review of the Commissioner's final decision. The sole objection to the pending R&R challenges the Magistrate Judge's finding that the ALJ's failure to acknowledge Dr. Tsalikova's handwritten note (stating that Plaintiff was "unemployable") was harmless error.

## STANDARD OF REVIEW

In reviewing the denial of disability insurance benefits, this Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citing 42 U.S.C. § 405(g)); *Blakely v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009) ("[R]eview of the ALJ's decision is limited to whether the ALJ applied the correct legal standards and whether the findings . . . are supported by substantial evidence."). "Substantial evidence is more than a scintilla of evidence but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Besaw v. Sec'y of Health and Human Servs.*, 966 F.2d 1028, 1030 (6th Cir. 1992). The Commissioner's findings as to any fact, if supported by substantial evidence, "shall be conclusive." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006) (quoting 42 U.S.C. § 405(g)).

Even if substantial evidence, or indeed a preponderance of the evidence, supports a claimant's position, this Court cannot overturn "so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 477 (6th Cir. 2003). Procedural errors, however, can be a basis for overturning the decision of the Commissioner, even if that decision is supported by substantial evidence. *See Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007).

## ANALYSIS

Plaintiff maintains the opinion of Dr. Tsalikova, as Plaintiff's treating physician, was entitled to controlling weight (Doc. 18 at 1). In particular, Plaintiff takes issue with the Magistrate Judge's statement that "Plaintiff rests her entire argument on a note offered by Dr. Tsalikova on a prescription pad stating that Plaintiff is 'unemployable'" (*id.*; Doc. 17 at 14). Plaintiff contends Dr. Tsalikova's conclusion that Plaintiff was "unemployable" was premised on more than the prescription pad, and incorporated all medical records reflecting Dr. Tsalikova's treatment of Plaintiff during 2009–2010 (Doc. 18 at 1).

In response, the Government reargues its earlier position that the ALJ committed no error because she had no obligation to consider Dr. Tsalikova's prescription pad note (Doc. 19 at 2). The Government maintains Dr. Tsalikova opined on an issue reserved for the Commissioner, and the ALJ thus had no obligation to acknowledge the prescription pad note.

Regulations conspicuously provide that some issues are reserved for the Commissioner. "A statement by a medical source that you are 'disabled' or 'unable to work' does not mean that we will determine that you are disabled." 20 C.F.R. § 1527(d)(1). A Social Security Administration policy interpretation clarifies that although statements that an individual is disabled are reserved for the

4

Commissioner, such opinions "*must never be ignored*" and "notice of the determination or decision must explain the consideration given to the treating source's opinion." SSR 96-5p (emphasis added).

The prescription pad note from Dr. Tsalikova lists some ailments, including uncontrolled diabetes mellitus, coronary artery disease, stents, sleep apnea, hypertension, decreased vision, COPD, depression, obesity, gastroesophogeal reflux disease, congestive heart failure, osteoarthritis, and dyslipidemia (high cholesterol) (AR 712). Dr. Tsalikova concluded the list with the sentence "[Plaintiff] is unemployable." (*id.*). The ALJ's written decision makes no mention whatsoever of Dr. Tsalikova's opinion while finding Plaintiff was not totally disabled. Irrespective of whether Dr. Tsalikova's opinion is entitled to controlling weight because it involved an issue reserved to the Commissioner, the ALJ was required to evaluate the evidence rather than ignore it. *See* SSR 96-5p.

However, the Magistrate Judge found the error to be harmless (Doc. 17 at 11). Where an ALJ fails to give good reasons on the record for according less than controlling weight to treating physicians, a court must reverse and remand "unless the error is a harmless *de minimis* procedural violation." *Blakely*, 581 F.3d at 409 (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 547 (6th Cir. 2004)). Failure to give good reasons under the treating physician rule can be deemed harmless error if: "(1) a treating source's opinion is so patently deficient that the Commissioner could not possibly credit it; (2) if the Commissioner adopts the opinion of the treating source or makes findings consistent with the opinion; or (3) where the Commissioner has met the goal of § 1527(d)(2) . . . even though she has not complied with the terms of the regulation." *Cole v. Astrue*, 661 F.3d 931, 940 (6th Cir. 2011) (internal citations and quotation marks omitted).

The Magistrate Judge relied on the third example, which the Sixth Circuit explained in more detail in *Hall v. Comm'r of Soc. Sec.*, 148 F. App'x 456, 464 (6th Cir. 2005), noting that "when

remand would be an idle and useless formality, courts are not required to convert judicial review of agency action into a ping-pong game." *Hall* explained that an ALJ can meet the goals of Section 1527(d)(2) (now Section 1527(c)(2)) by thoroughly analyzing the ailment addressed by the doctor's opinion. *Id.* at 465. Such an analysis could indirectly attack the supportability or the consistency of the doctor's opinion with the record as a whole. *Id.* at 464. Implementing this indirect attack analysis, the court in *Nelson v. Comm'r of Soc. Sec.*, 195 F. App'x 462, 470 (6th Cir. 2006) (per curiam) found the ALJ's failure to specify what weight he gave claimant's treating sources' opinions to be harmless error. *Nelson* held the ALJ's evaluation of claimant's mental impairments indirectly attacked the supportability and consistency of the treating sources' opinions on the same subject matter:

> We find that the ALJ's analysis of Nelson's mental problems adequately addressed [the treating sources'] opinions by indirectly attacking both the consistency of those opinions with the other record evidence and their supportability. The ALJ implicitly provided sufficient reasons for not giving those opinions controlling weight, and indeed for giving them little or no weight overall. The ALJ thus met the goal of § 1527(d)(2)—the provision of the procedural safeguard of reasons—even though she has not complied with the terms of the regulation.

*Id.* at 472 (internal citation and quotation marks omitted).

Here, the Magistrate Judge found that the ALJ "adequately addressed Dr. Tsalikova's one word disability opinion by indirectly attacking it with contrary evidence in the record regarding Plaintiff's functional capacity" (Doc. 17 at 13, citing AR 19–22). This Court agrees. The ALJ provided a detailed discussion of objective medical evidence, functional capacity findings, and Plaintiff's credibility. The sum of the ALJ's analyses of Plaintiff's conditions and capabilities attacks both the supportability and consistency of Dr. Tsalikova's disability opinion. *See Nelson*, 195 F. App'x at 472.

In addition, this Court finds that Dr. Tsalikova's opinion concluding Plaintiff is "unemployable" to be "so patently deficient that the Commissioner could not possibly credit it." *Cole*, 661 F.3d at 940. First, Dr. Tsalikova's opinion as to whether Plaintiff is employable is a question involving the ultimate issue of disability, an opinion on a subject for which Dr. Tsalikova deserves no deference because it is a legal determination reserved for the ALJ. *See* 20 C.F.R. § 404.1527(d). Second, the prescription pad note simply lists a series of physical and mental impairments without discussion of the nature and severity of the impairments, the symptoms, the prognosis, or potential physical and mental restrictions. *See* 20 C.F.R. § 404.1527(a)(2) (describing medical opinions). A prescription pad note opining about matters reserved for the Commissioner without discussion of the basis of the opinion is "patently deficient." Finally, Dr. Tsalikova's note fails to indicate whether the inability to work is permanent, having last treated Plaintiff fifteen months before the opinion.

Plaintiff states in her Objection that if her "entire argument was based on Dr. Tsalikova's prescription pad note, standing alone, the objection would not have been filed," and argues the prescription pad note is the capstone of all her "treatment records at Center Street Community Clinic where she saw [Dr. Tsalikova] approximately 18 times over the period of 8/20/09 to 11/30/10" (Doc. 18 at 1). She cites *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234 (6th Cir. 2007) for the proposition that the ALJ is to consider the record as a whole when reviewing Dr. Tsalikova's disability finding on the prescription pad note. But, the ALJ **did** review and discuss Plaintiff's medical treatment records from 2009–2010 (AR 13–16, 19–22). The ALJ failed to acknowledge only the prescription pad note from Dr. Tsalikova. Thus, the ALJ did thoroughly consider the medical evidence upon which Dr. Tsalikova presumably based her disability opinion.

7

Plaintiff argues as an aside that the ALJ erred by giving "substantial weight" to independent medical examiner Dr. Dorsey Gilliam's February 2009 residual functional capacity assessment because it did not reflect hospitalizations and treatments occurring after February 2009 (Doc. 18 at 2). However, the ALJ did review and discuss evidence in the record of Plaintiff's post-February 2009 hospitalizations and treatments (*see* AR 13–14). The ALJ found Dr. Gilliam's residual functional capacity assessment to be well supported by evidence in the record, including evidence of the subsequent hospitalizations (AR 21).

## CONCLUSION

Plaintiff's Objection (Doc. 18) is rejected, and this Court adopts the R&R (Doc. 17). The claim for benefits is denied.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 12, 2013